UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


FLOYD EBANKS,

      Petitioner,

v.                                                      CASE NO. 6:04-cv-1853-Orl-18JGG

FL ATTORNEY GENERAL, et al.,

      Respondents.

_____

## ORDER

    This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 5). Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 13), and Petitioner then filed a reply (Doc. No. 17) and a supplemental reply (Doc. No. 22) to the response.

    Petitioner raises essentially four claims in his petition: first, that the trial court erred in denying his motion for a judgment of acquittal; second, that "the jury instruction convicting the petitioner was unconstitutional"; third, that he received ineffective assistance of appellate counsel; and fourth, that he received ineffective assistance of trial counsel.

### Procedural History

    Petitioner was charged by second amended information with one count of burglary of a dwelling with an assault or battery (count one) and one count of violation of an

injunction for protection against domestic violence (count two). Prior to trial, the State entered a *nolle prosequi* as to count two. A jury trial was held as to the remaining count, and Petitioner was found guilty of burglary of a dwelling, a lesser included offense. The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of ninety months. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. Petitioner then filed a petition for writ of habeas corpus with the state appellate court, which was denied.

*Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States"[1] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

*Claim One*

Petitioner contends that the trial court erred by denying his motion for a judgment of acquittal. Petitioner raised this claim on direct appeal, but he did not present the claim

---

[1]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that the instant claim involved a violation of state law, and he made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition), *cert. denied*, 125 S. Ct 280 (2004). "[O]nly claims that were raised as federal constitutional

4

issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted.

Moreover, since he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.[2] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim must be denied.[3]

*Claim Two*

Petitioner argues that "the jury instruction convicting the petitioner was unconstitutional."

This claim was not raised with the state courts. The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4] or (2) are not exhausted but would

---

[2]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

[3]Alternatively, this claim must be denied on the merits. The Court finds that there was ample evidence presented at trial to support the conviction and that a rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt. Under the *Jackson v. Virginia*, 443 U.S. 307 (1979), standard, there was sufficient evidence to support the jury's verdict.

[4]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

clearly be barred if returned to state court.[5] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[6]

Petitioner's claim is procedurally barred because it was not raised with the state courts. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two is procedurally barred.

*Claim Three*

Petitioner maintains that he received ineffective assistance of appellate counsel because appellate counsel failed to argue the following on direct appeal: 1) the trial court

---

[5]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[6]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

gave an erroneous jury instruction on the burglary charge; 2) the trial court erroneously refused to give a requested *Williams* rule jury instruction; and 3) the trial court erred when it overruled trial counsel's objection to alleged prosecutorial misconduct.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied,* 469 U.S. 956 (1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).[7]

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues

---

[7]The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

most promising for review, and "[a] brief that raises every colorable issue runs the risk of

burying good arguments . . . . " *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

Initially, the Court finds that section 2254(d) precludes relief in this case. First, these

issued were adjudicated on the merits by the state appellate court. Second, Petitioner has

failed to demonstrate that the adjudication of the issues resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States. Finally, Petitioner has not shown

that the adjudication of the issues resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.

Next, the record reflects that Petitioner's appellate counsel raised three issues on

direct appeal. Petitioner's appellate counsel submitted an initial brief which was

comprehensive, thorough, and well-argued. Certainly, the record clearly evinces the

thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F.

Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the

thoroughness of counsel's work). The fact that this other issue might have succeeded in the

state appellate court "does not lead automatically to the conclusion that [Petitioner] was

deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork*

*v. Russell*, No. 92-4301, 1994 WL 56933 (6th Cir. February 24, 1994) (unpublished opinion).

As discussed by the district court in *Richburg v. Hood*, 794 F. Supp. 75 (E.D.N.Y. 1992),

> [T]he court simply notes that the decision of appellate counsel to choose
> among plausible options of appellate issues is preeminently a strategic choice
> and is "virtually unchallengeable." The petitioner has not even undertaken
> to demonstrate that the decision of his attorney not to raise this issue

constituted an "unprofessional error" or that such error prejudiced his
appeal.

*Id.* at 78. In this case, the Court finds that appellate counsel's decision not to pursue these

other issues was consistent with reasonable appellate strategy that, under the deferential

standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v.

White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate

counsel does not have a constitutional duty to raise every nonfrivolous issue requested by

defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks

of effective appellate advocacy.") citations omitted); *Carlos v. Cruz*, No. CV 96-5209 (RED),

1997 WL 269591, at *4 (E.D.N.Y. April 21, 1997), *affirmed*, No. 97-2302, 1997 WL 829269 (2d

Cir. December 8, 1997) (unpublished opinion) ("On appeal, counsel is not required to argue

every non-frivolous issue; rather, the better strategy may be to focus on a few more

promising issues so as not to dilute the stronger arguments with a multitude of claims";

moreover, the Court must not second-guess the reasonable decisions of appellate counsel

to press certain issues instead of others, and the lack of success on appeal is not a basis to

impugn appellate counsel's reasonable choices or performance). In addition, Petitioner has

failed to demonstrate that these other issues would have been viable on direct appeal.

Accordingly, in light of 1) the discretion afforded to appellate counsel in selecting

those issues most promising for review, and 2) Petitioner's failure to demonstrate that these

other issues would have been viable on appeal, the Court finds that appellate counsel's

performance was not deficient and that Petitioner has not demonstrated prejudice. Hence,

this claim must fail.

*Claim Four*

Petitioner avers that he received ineffective assistance of trial counsel because counsel failed to object to the erroneous jury instruction with regard to the burglary charge. According to Petitioner, the jury instruction omitted the "burglary element." This claim was raised in Petitioner's motion for postconviction relief, and the trial court denied it on the merits. The state appellate court affirmed the denial. The Court finds that this claim must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority. The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state court's determination

10

that Petitioner did not show either deficient performance by his counsel or prejudice.

Here, the jury instruction was not erroneous. The jury instruction required the jury to find three elements: 1) that Petitioner entered or remained in a structure owned by or in the possession of the victim; 2) that Petitioner did not have permission or consent of the victim or her agent to enter or remain in the structure at that time; and 3) that, at the time he entered or remained in the structure, Petitioner had a fully formed conscious intent to commit the offense of assault or battery upon the second victim in the structure. Contrary to Petitioner's assertion, the jury instruction was not misleading and did not permit a finding of guilt merely on the basis that Petitioner was present in a dwelling.

The Court finds that trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[8] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's

---

[8]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim four must be denied under section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Floyd Ebanks is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this /5 day of December, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/14
Counsel of Record
Floyd Ebanks

13